UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BETH CORNELIUS, | : | Case No. 1:08-cv-151 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| FAIRFIELD CLASSROOM | : | |
| TEACHER'S ASSOCIATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT DAVID G. LATANICK'S MOTION TO DISMISS (Doc. 14) BE GRANTED**

Plaintiff Beth Cornelius initiated this action on March 4, 2008, by filing a *pro se* complaint (Doc. 1) against the Fairfield Classroom Teacher's Association and David G. Latanick, stemming from the Fairfield Classroom Teacher's Association's alleged failure to represent Plaintiff with regard to claims against the Fairfield School District for racial discrimination and harrassment in her employment.

**I.**

On June 30, 2008, Defendant Latanick filed a motion to dismiss (Doc. 14) the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff did not respond to the motion, the Court issued an Order on August 5, 2008, directing her to show cause why the motion should not be construed as unopposed and

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

granted. (Doc. 16). Plaintiff was ordered to respond to the show cause order by August 21, 2008, but has failed to do so.

## II.

In ruling on a motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *See Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Because Plaintiff brings this case *pro se*, the Court construes the allegations very liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Indeed, "a pro se plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences," *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987), and "*pro se* litigants are not exempted or excused from the Federal Rules governing pleading, dismissal for failure to state claims, and summary judgment." *Moore v. Holbrook*, 2 F.3d 697, 705 (6th Cir. 1993).

## III.

Plaintiff's failure to respond warrants dismissal of this action for lack of prosecution and for failure to comply with an order of the Court. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power to *sua sponte* dismiss civil actions for want of prosecution); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).

Dismissal is also warranted on the merits, because it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief against Defendant Latanick. Fed. R. Civ. P. 12(b)(6); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

The complaint in its entirety reads as follows:

> "The Fairfield Classroom Teacher's Association did not represent me when I asked for assistance from them w/ regards to racial discrimination, employment issues, racial harrassment. They ignored my requests and falsified a harassment investigation telling me that they along w/ the school district conducted an investigation and the findings were that 'no harrassment was found.' They failed to include me in (interview) on the investigation they claimed they conducted. When I asked the Union President (Alexis Vfadies) and Bonnie McMurray (labor relations) for documentation of the investigation they within a matter of days stated that the Union was taking the stance that no investigation had taken place. I would like the Court to help represent me w/ regards to the EEOC claim against my employer's union (FCIA). I would like to reach an amicable settlement or pursue the claim in court w/ a reputable attorney."

(Doc. 3).

Assuming all of Plaintiff's factual allegations are true, Plaintiff still has not alleged any facts that implicate Mr. Latanick in any viable legal cause of action.  In fact, Plaintiff fails to mention him at all in the complaint.  Plaintiff does not establish any inference as to how Mr. Latanick or his conduct relates to Plaintiff's claims against the Fairfield Classroom Teacher's Association.  Therefore, Plaintiff's complaint fails to state a claim upon which relief can be granted.

### IV.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant Latanick's motion to dismiss (Doc. 14) be **GRANTED**.

Date: September 10, 2008                                s/ Timothy S. Black
                                                                            Timothy S. Black
                                                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BETH CORNELIUS, | : | Case No. 1:08-cv-151 |
| | : | |
| Plaintiff, | : | Judge Herman J. Weber |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| FAIRFIELD CLASSROOM | : | |
| TEACHER'S ASSOCIATION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).